# Chilcutt et al. v. Watts, Inc. et al.

April 28, 1944.

C. R. Luker for appellant.

Ben L. Kessinger for appellees.

John T. Metcalf, U. S. Atty., amicus curiae on behalf of United States.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The single question presented by this appeal is whether the Circuit Court ruled properly in dismissing a petition filed by appellants on December 13, 1943, seeking to enjoin appellees from cutting timber, and to quiet appellants' asserted title to certain real estate in Laurel County, after it had been made to appear that the land had been acquired by the United States of America.

On January 14, 1944, the date set for the hearing of appellants' motion for a temporary injunction, the United States Attorney for the Eastern District of Kentucky, at the direction of the Attorney General of the United States, filed a "Suggestion of Interest to United States." In this pleading, the Federal Attorney stated

that under and by virtue of 16 U. S. C. A. Sec. 471, the President of the United States had set apart, in the Eastern District of Kentucky, certain public forest land which had been designated as the "Cumberland National Forest;" that certain portions of the Cumberland National Forest lying wholly within Laurel County in the Eastern District of Kentucky were acquired by condemnation proceedings under and pursuant to the Weeks Forestry Act, 36 Stat. 961, as amended, 16 U. S. C. A. Secs. 515, 516. It was further alleged that on September 5, 1936, a petition in condemnation was duly filed in the Eastern District of Kentucky by the United States of America against 3276.1 acres of land in Laurel, Whitley and Pulaski Counties, Kentucky (Castle Craig Coal Company et al., Civil Action No. 316); that on September 16, 1937, a similar proceeding was instituted against 9293.1 acres of land in Laurel and Whitley Counties, Kentucky (L. E. Bryant Estate et al., Civil Action, No. 390); that in said petitions, the United States of America sought to and did acquire three tracts of land identified therein as the Castle Craig Coal Company Tract No. 1520c-(II), containing 26.0 acres more or less, and the L. E. Bryant Estate Tracts, Nos 1371g and 1371g-1, containing approximately 101.4 acres more or less. It was further stated in the pleading that these actions were prosecuted to judgments and the judgments were duly entered in the United States District Court for the Eastern District of Kentucky, and that pursuant to said judgments, deeds of conveyance were executed to the United States of America by Spence S. Carrick, Special Master, which deeds included the three tracts referred to, and that said tracts embraced all of the land described in Appellants' petition; that these deeds were duly lodged for record in the County Court Clerk's office of Laurel County, Kentucky, and that the United States of America, by virtue of said deeds, acquired a fee simple title to the surface of the said land and all timber located thereon, and took possession of same upon the execution and recordation of said deeds, and has remained in possession of said land continuously since said date. Copies of these deeds were filed with the pleading and made a part thereof. It was further stated that the United States of America was an indispensable party to the present litigation; that it had not consented to be sued therein; that the Laurel Circuit Court did not

have jurisdiction to hear and determine the pending action which involved a subject matter in which the United States of America had an interest.

When the pleading which we have summarized above was tendered in open court, appellants' counsel objected to its filing, which objection the Court overruled. Thereupon, counsel for appellants filed a general demurrer, which the Court also overruled, together with appellants' motion for a temporary injunction. It does not appear from the record that appellants' counsel requested that he be given time to controvert the allegations of the pleading filed by the District Attorney. In any event, the Court, on the same day, entered a judgment reciting the orders outlined above sustaining the pleading of the District Attorney, and dismissing the petition, to all of which, the appellants duly excepted, and prayed an appeal to this Court.

It is fundamental that the Sovereign must be sued on his own terms, that is, with his consent and in the forum of his choosing. United States v. Shaw, Adm'r, 309 U. S. 495, 60 S. Ct. 659, 84 L. Ed. 888. Congress has established a Court of Claims, where, if appellants' property has been taken without just compensation, they may obtain redress, 28 U. S. C. A. Sec. 250(1); and by the Tucker Act. 28 U. S. C. A. Sec. 41(20), has conferred upon the Federal District Courts concurrent jurisdiction with the Court of Claims when the amount allegedly due the litigant by the Government does not exceed $10,000. In Carr v. United States, 98 U. S. 433, 438, 25 L. Ed. 209, the Supreme Court said:

"In some cases 'perhaps it was so in the present case,' it might not be apparent until after suit brought that the possession attempted to be assailed was that of the government; but when this is made apparent by the pleadings, or the proofs, jurisdiction of the court ought to cease. Otherwise, the government could always be compelled to come into court and litigate with private parties in defense of its property."

In Stanley et al. v. Schwalby et al., 147 U. S. 508, 13 S. Ct. 418, 420, 37 L. Ed. 259, the same tribunal said:

"We should remark, however, that from a very early period it has been held that even where the United States is not made technically a party under the authority of an act of congress, yet, where the property

of the government is concerned, it is proper for the attorney for the United States to intervene by way of suggestion, and in such case, if the suit be not stayed altogether, the court will adjust its judgment according to the rights disclosed on the part of the government thus intervening. Such was the leading case of The Exchange, 7 Cranch, 116, 147 [3 L. Ed. 287], where the public armed vessel of a foreign sovereign having been libelled in a court of admiralty by citizens of the United States to whom she had belonged, and from whom she had been forcibly taken in a foreign port by his order, the district attorney filed a suggestion stating the facts, and, the circuit court having entered a decree for libellants disregarding the suggestion, this court, upon an appeal taken by the attorney of the United States, reversed the decree and dismissed the libel, and Mr. Chief Justice Marshall, in delivering the opinion of the court, said: 'There seems to be a necessity for admitting that the fact might be disclosed to the court by the suggestion of the attorney for the United States.' ''

See also Stanley et al. v. Schwalby et al., 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960; State of Minnesota v. United States, 305 U. S. 382, 59 S. Ct. 292, 83 L. Ed. 235; United States v. Alabama, 313 U. S. 274, 61 S. Ct. 1011, 85 L. Ed. 1327; Wood v. Phillips et al., 4 Cir., 50 F (2d) 714.

Appellants' contention that the United States was not a necessary party to the action, and that in the event it was ruled otherwise, they should have been afforded an opportunity to amend their petition so as to make the United States a party defendant, is fully answered by the foregoing authorities. Their contention that the procedure by which the United States acquired title to the land in controversy, and the Acts of Congress relegating them to the Federal tribunals for redress, are in violation of their constitutional rights and that we should so hold, is reminiscent of the Kentucky resolutions written by Thomas Jefferson and adopted by the Kentucky Legislature on November 14, 1798, declaring that parts of the national Alien and Sedition Laws "were altogether void and of no effect." Obviously, their counsel has overlooked Chief Justice Marshall's historic opinions in Marbury v. Madison, etc. 1 Cranch 137, 2 L. Ed. 60, and McCulloch v. State of Maryland et al., 4 Wheat. 316, 4 L. Ed., 579, designed in part, accord-

ing to many historians, as an answer to the challenge to national supremacy contained in the resolutions referred to. While these opinions did not quell the doctrine of ''State Supremacy within State Boundaries'' sufficiently to avert the Civil War, we are disposed in the light of that event, to recognize them as binding upon us.

Since appellants did not offer to show that the lands claimed by them were not embraced within the tracts described in the exhibited deeds purporting to vest title in the United States, the Circuit Court could not have proceeded without drawing into question the validity of those instruments, and hence, properly dismissed the petition.

Judgment affirmed.